IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,326-01 & WR-78,326-03







EX PARTE JORGE ALBERTO ZELAYA 

AKA JAMIE ALEXANDER CARRANZA, Applicant







ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 1132278 & 1132280 IN THE 209TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam. Alcala, J. Not Participating.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
sexual assault of a child and burglary of a habitation. He was sentenced to life imprisonment in each
case. The First Court of Appeals affirmed his convictions. Zelaya v. State, Nos. 01-09-00376-CR
& 01-09-00378-CR (Tex. App.--Houston [1st Dist.] Apr. 29, 2010) (unpublished). 

 Applicant contends, inter alia, that he convictions in these cases violate double jeopardy and
that appellate counsel rendered ineffective assistance because did not raise double jeopardy on direct
appeal. The habeas record contains a key inconsistency: though Applicant was indicted for and
judicially confessed to burglary of a habitation in Cause 1132280 under Section 30.02(a)(3) of the
Penal Code, the judgment suggests a conviction under Section 30.02(a)(1). "It is well-settled that a
defendant may not be punished for both the underlying felony and burglary if the burglary allegation
is that the defendant entered a home without the consent of the owner and then committed the
underlying felony within the home as defined in § 30.02(a)(3)." Langs v. State, 183 S.W.3d 680, 686
(Tex. Crim. App. 2006).

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Gonzalez v. State, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order counsel to respond to Applicant's claim of ineffective assistance of appellate counsel. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether convictions
in both causes constitute multiple punishments under applicable double jeopardy law. The trial court
shall also make findings of fact and conclusions of law as to whether the performance of Applicant's
appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall make specific findings addressing which burglary theory Applicant
was convicted of committing. If the trial court finds that Applicant was convicted of burglary of a
habitation with the intent to commit a felony, it shall also make findings detailing how this
conviction was authorized in light of the charging instrument and judicial confession in the habeas
record. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: November 14, 2012

Do not publish